Wesley D. Hutchins, #6576
**THE HUTCHINS LAW FIRM, P.C.**
6751 South Adventure Way
West Jordan, Utah 84081
Telephone: (801) 969-0104
Fax: (801) 618-4251
E-Mail: wes@thehutchinslawfirm.com
*Attorney for Plaintiffs Jake M. Strickland*
      *and his Minor Child J.D.S."Baby Jack"*

---

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JAKE M. STRICKLAND, personally and individually; and JAKE M. STRICKLAND for and on behalf of J.D.S, his biological Minor Child (dob 12/29/2010); <br><br> Plaintiffs, <br><br> vs. <br><br> WHITNEY VIVIAN DEMKE, f/k/a WHITNEY VIVIAN PETTERSSON; LDS FAMILY SERVICES; PAMELA TAYLOR; J.K.Y., current adoptive father; J.T.Y., current adoptive mother; WOOD CRAPO LLC; WOOD JENKINS LLC; KIRTON & MCCONKIE LLC; LARRY S. JENKINS; DAVID J. HARDY; and JOHN DOES I TO XX; <br><br> Defendants. | **VERIFIED MEMORANDUM IN OPPOSITION TO DEFENDANTS KIRTON & MCCONKIE, LLC, LARRY S. JENKINS, AND DAVID J. HARDY'S MOTION FOR ATTORNEYS' FEES AND EXPENSES** <br><br> (ORAL ARGUMENT REQUESTED) <br><br> Civil No.: 2:13-CV-01130 <br><br> Judge: Honorable Dee Benson |

    Plaintiffs Jake M. Strickland and J.D.S. his biological Minor Child ("Baby

Jack")(hereinafter collectively "Plaintiffs" or "Strickland"), by and through their retained counsel

of record hereby file the following Memorandum in Opposition to Defendants Kirton &

McConkie, LLC, Larry S. Jenkins, and David J. Hardy's (hereinafter jointly and severally "the KM Defendants") Motion for Attorneys' Fees and Expenses and Memorandum in Support (hereinafter "Motion").

## INTRODUCTION

The KM Defendants' Motion fails for at least all of the following reasons:

(A) KM Defendants have failed to submit sufficient evidence for the Court to make a factual determination that KM Defendants are entitled to any award of fees and expenses (more specifically, the Declaration of Robert S. Clark (hereinafter "Clark Declaration") fails to contain sufficient detail for the Court to grant a motion for any attorneys' fees or costs)(*see Cadena v. The Pacesetter Corp.,* 224 F.3d 1203, 1216 (10th Cir. 2000));[1]

(B) KM Defendants have failed to submit sufficient evidence for the Court to make a factual determination that work performed by the KM Defendant was, for the most part, inseparable from the work performed in defending against the other claims (once again the lack of detail/specifics in the Clark Declaration precludes the Court from being able to make any determination regarding any factual or legal overlap among the Plaintiffs' causes of action)(*see Cadena v. The Pacesetter Corp.,* 224 F.3d 1203, 1216 (10th Cir. 2000));

( C ) The KM Defendants' alleged fees and expenses are not reasonable, or more critically, the KM Defendants have failed to provide sufficient information to the Court to be able to make a factual and legal determination regarding the reasonableness of the amount the

---

[1] In addition to failing to contain sufficient evidence, as a matter of law, upon which the Court can render a proper ruling based on facts and the law, the Clark Declaration also contains hearsay evidence and is therefore inadmissible as a matter of law. For these, and perhaps other reasons as well, Plaintiffs have filed concurrently herewith a Motion to Strike the Clark Declaration, together with a Memorandum in Support thereof.

KM Defendants' are entitled to receive (fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates; *Case by Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998); and is abuse of discretion for district court to base award of attorneys' fees and costs based only on the affidavit of her own counsel, without, for example, affidavits from other local attorneys who are familiar with the skills of the fee applicant and more generally with the type of work in the relevant community; *Robinson v. Equifax Information Services, LLC*, 560 F.3d 235, 245 (4th Cir. 2009).

**In addition to these grounds,** or as an alternative, the Court should reserve the issue of attorneys' fees and costs until after a final judgment/order has been entered in the case, and after the case has been fully adjudicated on its merits. The dismissals in this case were ***without prejudice***, and if discovery conducted in this case, with Defendant Demke remaining as a party, reveals additional evidence against KM and other Defendants, then Plaintiffs have the option of bringing a motion for leave to amend to bring the KM Defendants and/or other persons or entities into this lawsuit.[2]

## STATEMENT OF ADDITIONAL RELEVANT FACTS

Plaintiffs do not dispute, for purposes of the present Motion, any of the "Background" facts set forth in KM Defendants' Motion. However, in addition to those facts, Plaintiffs state as follows:

1. The Verified Complaint in this matter was not only 77 pages long, but it also contained 24 exhibits (A through X). As such, it contained considerable information and

---

[2] *See* Plaintiffs' Rule 56(d) Motion and Memorandum [Dkt. 70], incorporated herein by this reference, setting forth all the anticipated evidence Plaintiffs expect to obtain through discovery in this case.

documentation of the conduct (direct and reasonably inferred) pertaining to numerous named Defendants and their involvement in what was clearly fraudulent conduct on the part of Defendant Whitney Demke.[3]

2. The Court's Order on Motions to Dismiss expressly states [Dkt. 78, page 3, paragraphs A and B] that the dismissal of the Plaintiffs' claims is **_without prejudice_** – a fact left glaringly absent from KM Defendants' Motion.

3. To further clarify the damages claimed in Plaintiffs' Verified Complaint, it was for $30 million in compensatory damages, and $100 million in punitive damages.  To be sure, large sums of compensation, but claiming a certain amount in damages does not necessarily dictate the amount of attorneys' fees that are to be considered reasonable in defending against such claims.

4. During the time undersigned counsel was employed with the law firm of Scalley, Reading, Hansen & Rasmussen (from approximately 1992 through 2010), and even as a shareholder at such firm, his hourly rate, even with eighteen (18) years of litigation experience never exceeded $225 per hour.  For the last five (5) years, now having nearly twenty-three (23) years of experience, and even being a solo practitioner, counsel's hourly rate for billable work has never exceeded $220 per hour.

5. The rates claimed by KM Defendants' attorneys, including $400 and $265 per

---

[3]Even given the heightened pleading standard, Plaintiffs respectfully suggest that there was sufficient evidence to support a threshold cause of action, and furthermore, in light of the anticipated Rule 56(d) evidence, adequate grounds to go forward with discovery, and then revisit on a motion for summary judgment any grounds for dismissal of claims.  Plaintiffs do not point out such issues in an effort to "re-litigate" the underlying issues, but to emphasis the breadth of the documentation and information involved, which required a heightened degree of specificity in the Clark Declaration, as opposed to "generic" entries, e.g. giving hourly rates and total hours.

-v-

hour are unreasonable given the various factors of complexity, experience, and customary hourly rates charged in our legal community – Salt Lake City, and Utah generally charging much less by comparison with other markets.  *See* Judge Dale A. Kimball's Memorandum Decision and Order Awarding Attorneys' Fees in the *Flitton v. Primary Residential Mort. Inc.* matter, Case No. 2:03CV481DAK (unpublished decision) attached hereto as Exhibit A at pages 2-6.

**ARGUMENT**

The Court has considerable discretion in determining the amount of attorneys' fees and costs to award in any case. *Case by Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998). To determine a reasonable attorneys' fee, the district court must arrive at a "lodestar" figure by multiplying the hours plaintiffs' counsel reasonably spent on the litigation by a reasonable hourly rate. The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. *Case by Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998). Based on such "ground rules," the Court cannot possibly award attorneys' fees and costs to KM Defendants for at least three (3) reasons, as set forth above.

> **(A) KM Defendants have failed to submit sufficient evidence for the Court to make a factual determination that KM Defendants are entitled to any award of fees and expenses (more specifically, Clark Declaration fails to contain sufficient detail for the Court to grant a motion for any attorneys' fees or costs)**(*see Cadena v. The Pacesetter Corp.*, 224 F.3d 1203, 1216 (10th Cir. 2000)).[4]

It is true that the U.S. Supreme Court has held that "Plaintiff's counsel [party seeking award of attorneys' fees], of course, is not required to record in great detail how each minute of his [or her] time was expended. But at least counsel should identify the general subject matter of his time expenditures." *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.2 (1983). The Clark Declaration makes no significant effort to identify, in any reasonable degree whatsoever, the general subject matter of the KM Defendants' attorneys' work. The table summarizing counsels'

---

[4] As set forth above, in addition to failing to contain sufficient evidence, as a matter of law, upon which the Court can render a proper ruling based on facts and the law, the Clark Declaration also contains hearsay evidence and is therefore inadmissible as a matter of law. For these, and perhaps other reasons as well, Plaintiffs have filed concurrently herewith a Motion to Strike the Clark Declaration, together with a Memorandum in Support thereof.

1

work in this case merely states each attorney's name, title, hourly rate, total hours, and the total fees.  *See* KM Defendants' Motion, Exhibit 1 at page 6.  Furthermore, as set forth above, in a more recent appellate case out of the Tenth Circuit, following the *Hensley* decision, the Clark Declaration in support of attorneys' fees and costs does not contain sufficient detail for the Court to grant a motion for any attorneys' fees or costs.  *Cadena v. The Pacesetter Corp.*, 224 F.3d 1203, 1216 (10th Cir. 2000)(giving examples of the required level of detail in the affidavit that should reveal the time allotted to specific tasks, e.g. "How many hours were spent researching, how many interviewing the client[s], how many drafting [pleadings], and so on.").  The Clark Declaration come nowhere close to providing this level of detail, or any meaningful or sufficient level of detail.  As another court observed, the important this is that "sufficient detail has been provided so that [the Court] can evaluate what the lawyers were doing and the reasonableness of the number of hours spent on those tasks." *Smith v. District of Columbia*, 466 F. Supp. 2d 151, 158 (D.D.C. 2006).

      The Clark Declaration is insufficient to determine for example, if there was excessive "research."  There has been no time allotment made for "research," even assuming such a generic reference were legally sufficient, which it is not.  There is insufficient detail to determine if the work of the three attorneys listed was unnecessarily duplicative.  There is insufficient detail to determine if the work being claimed is more clerical than it is legal, and therefore should be included as an attorney's overhead, as opposed to an amount for which the applicant for fees should receive compensation.

      As another example, the Tenth Circuit has held that background research on a general area of the law is not compensable under statutory provisions provision for payment of attorneys' fees to the prevailing party.  *See e.g,, Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1253

(10th Cir. 1998)(charging "an adversary with time spent conducting basic background, research is presumptively unreasonable").

From KM Defendants' Counsels' lack of any significant detail, the Court is also unable to determine if there was any unnecessary or unreasonable duplication in attorneys' time. For example, "an internal meeting to bring new attorney up to speed" is not the type of task for which KM Defendants can be compensated. *See Flitton,* Exhibit A, at page 12 (middle of the page).

**(B) KM Defendants have failed to submit sufficient evidence for the Court to make a factual determination that work performed by the KM Defendant was, for the most part, inseparable from the work performed in defending against the other claims (once again the lack of detail/specifics in the Clark Declaration precludes the Court from being able to make any determination regarding any factual or legal overlap among the Plaintiffs' causes of action)(***see Cadena v. The Pacesetter Corp.,* **224 F.3d 1203, 1216 (10th Cir. 2000)).**

Rather than repeating the same argument, case law, and analysis above, Plaintiffs refer the Court to Section (A) above. In short, there is insufficient detail in the description of the applicant's evidence for the Court to make a reasonable determination of what is inseparable, and what is separable.

**( C ) The KM Defendants' alleged fees and expenses are not reasonable, or more critically, the KM Defendants have failed to provide sufficient information to the Court to be able to make a factual and legal determination regarding the reasonableness of the amount the KM Defendants' are entitled to receive (fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates;** *Case by Case v. Unified Sch. Dist. No. 233***, 157 F.3d 1243, 1249 (10th Cir. 1998); and is abuse of discretion for district court to base award of attorneys' fees and costs based only on the affidavit of her own counsel, without, for example, affidavits from other local attorneys who are familiar with the skills of the fee applicant and more generally with the type of work in the relevant community;** *Robinson v. Equifax Information Services, LLC***, 560 F.3d 235, 245 (4th Cir. 2009).**

KM Defendants have failed to meet their burden of establishing their entitlement to the

3

amount of attorneys' fees and costs being claimed in this case.  Moreover, KM Defendants have failed to submit sufficient evidence in support of their claim of reasonableness, per hour charges, and the number of hours billed beyond the Clark Declaration.  *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)(fee applicant must "produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation").

## CONCLUSION

Based on all of the foregoing points and authorities set forth above, and further based on the well-taken Motion to Strike Declaration of Robert S. Clark filed concurrently herewith, KM Defendants' Motion should be denied.  Moreover, undersigned counsel provides his verification of the accuracy of the foregoing, declaring under penalty perjury and pursuant to Utah Code Ann. §78B-5-705, by affixing his electronic signature hereto, that the foregoing is true and correct.  Finally, Plaintiffs request oral argument on the Motion in order to further clarify the issues in the Motion, and Plaintiffs' opposition thereto, as well as address any questions or comments the Court may have.

DATED this   11th   day of March, 2015.

THE HUTCHINS LAW FIRM, P.C.

/S/ *Wesley D. Hutchins*
Wesley D. Hutchins
*Attorney for Plaintiffs Jake Strickland
and Baby Jack*

4

**CERTIFICATE OF DELIVERY**

      I hereby certify that on the 11th day of March, 2015, I caused to be served on the following a true and correct copy of the foregoing **VERIFIED MEMORANDUM IN OPPOSITION TO DEFENDANTS KIRTON & MCCONKIE, LLC, LARRY S. JENKINS, AND DAVID J. HARDY'S MOTION FOR ATTORNEYS' FEES AND EXPENSES** via the court's electronic filing system (and via email as noted) to the following:

Kenneth B. Black
Monica S. Call
STOEL RIVES LLP
*Attorneys for Defendants J.T.Y. and J.K.Y.*
201 South Main Street, Suite 1100
Salt Lake City, UT  84111
email: kbblack@stoel.com;
mscall@stoel.com; sakamaya@stoel.com

Rick Rose
Ray Quinney & Nebeker
*Attorneys for Whitney Vivian Demke*
36 S. State Street, Suite 1400
P.O. Box 45385
Salt Lake City, UT  84145-0385
email: rrose@rqn.com

Alan L. Sullivan
Douglas P. Farr
James Delos Gardner
Snell & Wilmer
*Attorneys for Defendant LDS Family Services and Pamela Taylor*
15 West South Temple, Suite 1200
Gateway Tower West
Salt Lake City, UT 84101
email: asullivan@swlaw.com;
dfarr@swlaw.com; jgardner@swlaw.com

Robert S. Clark
Parr Brown Gee & Loveless
*Attorneys for Defendants Kirton & McConkie LLC, Larry S. Jenkins, and David J. Hardy*
185 South State Street, Suite 800
Salt Lake City, UT  84111
email: rclark@parrbrown.com

T̲ʜᴇ H̲ᴜᴛᴄʜɪɴs L̲ᴀᴡ F̲ɪʀᴍ, P.C.

/S/ *Wesley D. Hutchins*
Wesley D. Hutchins
Attorney for Jake M. Strickland and
"Baby Jack"

5