Wesley D. Hutchins, #6576
**THE HUTCHINS LAW FIRM, P.C.**
6751 South Adventure Way
West Jordan, Utah 84081
Telephone: (801) 969-0104
Fax: (801) 618-4251
E-Mail: wes@thehutchinslawfirm.com
*Attorney for Plaintiffs Jake M. Strickland*
           *and his Minor Child J.D.S."Baby Jack"*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JAKE M. STRICKLAND, personally and individually; and JAKE M. STRICKLAND for and on behalf of J.D.S, his biological Minor Child (dob 12/29/2010);<br><br>   Plaintiffs,<br><br>vs.<br><br>WHITNEY VIVIAN DEMKE, f/k/a WHITNEY VIVIAN PETTERSSON; LDS FAMILY SERVICES; PAMELA TAYLOR; J.K.Y., current adoptive father; J.T.Y., current adoptive mother; WOOD CRAPO LLC; WOOD JENKINS LLC; KIRTON & MCCONKIE LLC; LARRY S. JENKINS; DAVID J. HARDY; and JOHN DOES I TO XX;<br><br>   Defendants. | **MOTION TO STRIKE DECLARATION OF ROBERT S. CLARK IN SUPPORT OF RULE 54 MOTION OF KIRTON & MCCONKIE, LLC, LARRY S. JENKINS, AND DAVID J. HARDY FOR ATTORNEYS' FEES AND EXPENSES, TOGETHER WITH MEMORANDUM IN SUPPORT**<br><br><br>Civil No.: 2:13-CV-01130<br><br>Judge: Honorable Dee Benson |

Plaintiffs, by and through their retained counsel of record, pursuant to the Federal Rules of Evidence and other legal authorities set forth below, hereby move the Court for an order

striking the Declaration of Robert S. Clark (hereinafter "Clark Declaration") in Support of Rule 54 Motion of Kirton & McConkie, LLC, Larry S. Jenkins, and David J. Hardy for Attorneys' Fees and Expenses (hereinafter "Motion").  This Motion is supported by the Memorandum in Support that follows below.

## INTRODUCTION

The Clark Declaration fails to provide the required level of detail and specificity upon which the Court can rely in establishing any amount of attorneys' fees and/or expenses to which the KM Defendants are entitled.  In addition, the Clark Declaration fails to expressly state that is based upon Mr. Clark's personal knowledge, and in fact is based on inadmissible hearsay.  For all these reasons, the Clark Declaration should be stricken.

## STATEMENT OF RELEVANT FACTS

1. On or about February 3, 2015, the Court entered is Order on Motion to Dismiss (hereinafter "Order") [Dkt. 78].

2. Following entry of the Order, KM Defendants moved the Court for an award of attorneys' fees and expenses [Dkt. 80].

3. Plaintiffs filed a Verified Memorandum in Opposition to KM Defendants' Motion [Dkt. 86].

4. KM Defendants' Motion was ostensibly supported by the Clark Declaration, attached as Exhibit 1 to the Motion [Dkt. 80].

5. A courtesy copy of the Clark Declaration, for the Court's convenience, is reproduced attached hereto as Exhibit A.

**ARGUMENT**

The Clark Declaration should be stricken by the Court for at least two reasons.

First, the Clark Declaration should be stricken for the reasons set forth in Plaintiffs' Verified Memorandum in Opposition to KM Defendants' Motion [Dkt. 86], which is incorporated herein fully by this reference.  In short, the Clark Declaration is woefully deficient in providing the Court with sufficient factual and legal basis upon which to award any attorneys' fees or expenses.  KM Defendant have the burden of establishing entitlement to an award of attorneys' fees and costs, and documenting the appropriate hours expended and hourly rates. *Case by Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998).  KM Defendants have failed to meet their burden.  It is true that the U.S. Supreme Court has held that "Plaintiff's counsel [party seeking award of attorneys' fees], of course, is not required to record in great detail how each minute of his [or her] time was expended.  But at least counsel should identify the general subject matter of his time expenditures." *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.2 (1983).  The Clark Declaration makes no significant effort to identify, in any reasonable degree whatsoever, the general subject matter of the KM Defendants' attorneys' work. The table summarizing counsels' work in this case merely states each attorney's name, title, hourly rate, total hours, and the total fees.  *See* Clark Declaration, Exhibit A hereto, at page 6. Furthermore, as set forth above, in a more recent appellate case out of the Tenth Circuit, following the *Hensley* decision, the Clark Declaration in support of attorneys' fees and costs does not contain sufficient detail for the Court to grant a motion for any attorneys' fees or costs. *Cadena v. The Pacesetter Corp.*, 224 F.3d 1203, 1216 (10th Cir. 2000)(giving examples of the

required level of detail in the affidavit that should reveal the time allotted to specific tasks, e.g. "How many hours were spent researching, how many interviewing the client[s], how many drafting [pleadings], and so on."). The Clark Declaration come nowhere close to providing this level of detail, or any meaningful or sufficient level of detail. As another court observed, the important this is that "sufficient detail has been provided so that [the Court] can evaluate what the lawyers were doing and the reasonableness of the number of hours spent on those tasks." *Smith v. District of Columbia*, 466 F. Supp. 2d 151, 158 (D.D.C. 2006).

Second, to be admissible, an affidavit, much be based on ***personal*** knowledge, and otherwise admissible. *See Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). While the Clark Declaration states that is based upon his "knowledge" it does not state that it is his "personal knowledge" or even what his "knowledge" is based on. By implication, his "knowledge" is most likely based upon inadmissible hearsay, and therefore must be stricken on this additional basis as well. *See* Rule 802, Federal Rules of Evidence.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Clark Declaration be stricken, and further, by legal necessity, that KM Defendants' Motion for Attorneys' Fees and Expenses be denied.

DATED this   11th   day of March, 2015.

                                                         THE HUTCHINS LAW FIRM, P.C.

                                                         /S/ *Wesley D. Hutchins*
                                                         Wesley D. Hutchins
                                                         Attorney for Plaintiffs

## CERTIFICATE OF DELIVERY

I hereby certify that on the 11th day of March, 2015, I caused to be served on the following a true and correct copy of the foregoing **MOTION TO STRIKE DECLARATION OF ROBERT S. CLARK IN SUPPORT OF RULE 54 MOTION OF KIRTON & MCCONKIE, LLC, LARRY S. JENKINS, AND DAVID J. HARDY FOR ATTORNEYS' FEES AND EXPENSES, TOGETHER WITH MEMORANDUM IN SUPPORT** via the court's electronic filing system to the following:

Kenneth B. Black
Monica S. Call
STOEL RIVES LLP
*Attorneys for Defendants J.T.Y. and J.K.Y.*
201 South Main Street, Suite 1100
Salt Lake City, UT 84111
email: kbblack@stoel.com;
mscall@stoel.com; sakamaya@stoel.com

Rick Rose
Ray Quinney & Nebeker
*Attorneys for Whitney Vivian Demke*
36 S. State Street, Suite 1400
P.O. Box 45385
Salt Lake City, UT 84145-0385
email: rrose@rqn.com

Alan L. Sullivan
Douglas P. Farr
James Delos Gardner
Snell & Wilmer
*Attorneys for Defendant LDS Family Services and Pamela Taylor*
15 West South Temple, Suite 1200
Gateway Tower West
Salt Lake City, UT 84101
email: asullivan@swlaw.com;
dfarr@swlaw.com; jgardner@swlaw.com

Robert S. Clark
Parr Brown Gee & Loveless
*Attorneys for Defendants Kirton & McConkie LLC, Larry S. Jenkins, and David J. Hardy*
185 South State Street, Suite 800
Salt Lake City, UT 84111
email: rclark@parrbrown.com

THE HUTCHINS LAW FIRM, P.C.

/S/ *Wesley D. Hutchins*
Wesley D. Hutchins
Attorney for Jake M. Strickland and
"Baby Jack"