Robert S. Clark (4015)
Laura G. Kennedy (7238)
PARR BROWN GEE & LOVELESS, P.C.
101 South 200 East, Suite 700
Salt Lake City, Utah  84111
Telephone: (801) 532-7840
Email: rclark@parrbrown.com
       lkennedy@parrbrown.com

*Attorneys for Defendants Kirton McConkie, PC*
*Larry S. Jenkins, and David J. Hardy*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION, STATE OF UTAH

| | |
|---|---|
| JAKE M. STRICKLAND, personally and individually; and JAKE M. STRICKLAND for and on behalf of J.D.S., his biological Minor Child (dob 12/29/2010); <br><br> Plaintiffs, <br><br> v. <br><br> WHITNEY VIVIAN DEMKE, f/k/a WHITNEY VIVIAN PETTERSSON; LDS FAMILY SERVICES; PAMELA TAYLOR; J.K.Y., current adoptive father, J.T.Y., current adoptive mother; WOOD CRAPO LLC; WOOD JENKINS LLC; KIRTON & MCCONKIE LLC; LARRY S. JENKINS; DAVID J. HARDY; and JOHN DOES I TO XX; <br><br> Defendants. | **MEMORANDUM IN OPPOSITION TO MOTION TO STRIKE DECLARATION OF ROBERT S. CLARK IN SUPPORT OF RULE 54 MOTION OF KIRTON & MCCONKIE, LLC, LARRY S. JENKINS, AND DAVID J. HARDY FOR ATTORNEYS' FEES AND EXPENSES, TOGETHER WITH MEMORANDUM IN SUPPORT** <br><br> Case No. 2:13-cv-01130 <br><br> Judge Dee Benson |

Pursuant to DUCivR 7-1(b), Defendants Kirton McConkie, PC[1] ("Kirton McConkie"),

Larry S. Jenkins ("Mr. Jenkins"), and David J. Hardy ("Mr. Hardy") (collectively, the "KM

Defendants"), hereby respectfully submit this Memorandum in Opposition to the *Motion to*

---

[1] The correct name of the defendant the Complaint calls "Kirton & McConkie, LLC" is "Kirton McConkie, PC."

*Strike Declaration of Robert S. Clark in Support of Rule 54 Motion of Kirton & McConkie, LLC, Larry S. Jenkins, and David J. Hardy for Attorneys' Fees and Expenses, Together with Memorandum in Support* [Dkt. 87] (the "Motion" or "Motion to Strike") filed by Plaintiff Jake M. Strickland ("Mr. Strickland" or "Plaintiff").  Because Mr. Strickland has not set forth any legitimate basis for Striking the *Declaration of Robert S. Clark in Support of Rule 54 Motion of Kirton & McConkie, LLC, Larry S. Jenkins, and David J. Hardy for Attorneys' Fees and Expenses* [Dkt. 80-1] (the "Declaration" or "Clark Declaration"), his Motion should be denied.

## INTRODUCTION

The Clark Declaration should not be stricken.  Mr. Strickland's erroneous arguments are based on mischaracterizations of the Declaration.  Contrary to Mr. Strickland's arguments, the Declaration states that it is based on Mr. Clark's personal knowledge and it contains a reasonably detailed description of the work performed by the KM Defendants' legal counsel.  Moreover, the sufficiency of a sworn declaration filed in support of a motion is not a legitimate basis for striking it.  In any case, the Motion to Strike is procedurally improper and should be denied on that basis alone.  The Court should deny the Motion to Strike and grant the KM Defendants' pending motion filed under Rule 54 seeking the statutory relief to which they are entitled.

## PROCEDURAL BACKGROUND

Mr. Strickland filed his *Verified Complaint* ("Complaint") on December 27, 2013.  [Dkt. 14.]  The Complaint alleges that Mr. Strickland is entitled to damages amounting to at least $130 Million, seeks to double or triple that amount (*i.e.*, seeks approximately $390 Million in damages) under his racketeering claims, and seeks an award of Plaintiff's attorneys' fees.  [Compl., Dkt. 14, ¶¶ 224-35, Prayer for Relief.]  The law firm of Parr Brown Gee & Loveless,

P.C. ("Parr Brown") was engaged to defend the KM Defendants.  [*See* Clark Decl., Dkt. 80-1, ¶¶ 1, 3.]

On March 3, 2014, the KM Defendants filed a motion to dismiss Plaintiff's racketeering claims.  [Dkt. 45.]  Following briefing and oral argument, on February 3, 2015, the Court entered an order granting the KM Defendants' motion, thereby dismissing all of the claims Plaintiff brought against the KM Defendants (including the racketeering claims), and dismissing the racketeering claims in their entirety as to all of the named defendants in the case.  [*See Order on Motions to Dismiss*, Dkt. 78, at 3.]

Following entry of the Court's order dismissing the KM Defendants from the case, on February 17, 2015, the KM Defendants filed a motion for attorneys' fees and expenses.  [Dkt. 80.]  In support of the motion for attorneys' fees and expenses, the KM Defendants filed the Clark Declaration.  [Dkt. 80-1.]  In response, on March 11, 2015, Mr. Strickland filed a *Verified Memorandum in Opposition to Defendants Kirton & McConkie, LLC, Larry S. Jenkins, and David J. Hardy's Motion for Attorneys' Fees and Expenses* (the "Opposition") as well as the Motion to Strike.  [Dkts. 86, 87.]  This memorandum responds to the Motion to Strike.

## ARGUMENT

The Motion to Strike should be denied. The two bases upon which the Motion relies is that the Clark Declaration (1) "fails to expressly state that [it] is based upon Mr. Clark's personal knowledge, and in fact is based on inadmissible hearsay" and (2) "fails to provide the required level of detail and specificity upon which the Court can rely in establishing any amount of attorneys' fees and/or expenses to which the KM Defendants are entitled." [Opp., Dkt. 87, p. 2; *see also id.* pp. 3-4.] Both bases lack merit.

**1.      The Evidentiary Argument Fails because it is Procedurally Improper and Grounded Upon Inaccuracies.**

To the extent that the Motion is based on Mr. Strickland's evidentiary objections, it fails for at least two reasons.

**A.      The Motion to Strike is Procedurally Improper.**

First, the Motion to Strike should be denied because it is procedurally improper. Rule 7-1(b) of this Court's Rules provides, in relevant part:

> While the court prefers objections to be included in the same document as the response or reply, in exceptional cases, a party may file evidentiary objections as a separate document. If such an objection is filed in a separate document, it must be filed at the same time as that party's response or reply memorandum. . . . **Motions to strike evidence as inadmissible are no longer appropriate and should not be filed. The proper procedure is to make an objection.** See Fed. R. Civ. P. 56(c)(2).

DUCivR 7-1(b) (emphasis added). Because this Court's Rules declare that the Motion to Strike is not "appropriate," it should be denied on that basis alone. Mr. Strickland's evidentiary objection was made in his Opposition and therefore will still be before the Court. [*See* Opp., Dkt. 86, p. ii n.1 ((incorrectly) stating that the Clark Declaration contains hearsay evidence).]

### B. The Clark Declaration States that it is Based on His Personal Knowledge.

Second, the Motion to Strike should be denied because the Declaration is based on Mr. Clark's personal knowledge and is not based on hearsay.  The Motion to Strike erroneously argues that the Court should strike the Clark Declaration because it is not based on Mr. Clark's personal knowledge and "is most likely based upon inadmissible hearsay." [Motion, Dkt. 87, p. 4.]  This argument is squarely refuted by the Declaration.

For example, among other things, Mr. Clark testifies in his sworn Declaration to the following:

- He is "the attorney in charge of the KM Defendants' engagement of Parr Brown in [this case] and ha[s] personal knowledge of the work Parr Brown has performed" in this case.  [*Id.* ¶ 4.]

- He has "reviewed Parr Brown's billing records with regards to the reasonable legal expenses, including attorneys' fees, incurred in defending the claims brought against the KM Defendants" in this case.  [*Id.* ¶ 6.]

- He has "compared the information contained in Exhibit A to the information contained in the Invoices and to the best of [his] knowledge believe it to be accurate in every detail."  [*Id.* ¶ 11.]

- He has "actively practiced law in Salt Lake City for over 30 years and [is] generally familiar with the range of hourly billing rates charged by attorneys who practice commercial litigation in the area."  [*Id.* ¶ 19.]

- He has "knowledge of the matters stated herein," is "in all respects competent to make this declaration, and, if called as a witness, could and would testify that the statements set forth herein are true and accurate to the best of [his] knowledge,"

2

and has "actively practiced law for almost 35 years, in large part in complex commercial litigation" (*i.e.*, as a highly experienced litigator, he knows that to be able to testify as a competent witness he must have personal knowledge of the facts to which he is testifying). [Clark Decl., Dkt. 80-1, ¶¶ 1-2.]

Thus, Mr. Strickland's incorrect statement that the Clark Declaration "does not state that [the Declaration] is [based upon] his 'personal knowledge' or even what his 'knowledge' is based on" [Opp., Dkt. 87, p. 4] mischaracterizes and is completely contradicted by the Clark Declaration itself. In his Declaration, Mr. Clark testifies that he has "personal knowledge" of the legal work performed in the case, that he reviewed Parr Brown's billing records, that he compared Exhibit A to the Invoices, and that, having practiced law in Salt Lake City for over 30 years, he is generally familiar with the range of hourly billing rates charged by litigators in Salt Lake City. This admissible and competent testimony is sufficient to allow the Court to find that the legal work was performed by the named attorneys at Parr Brown, that the amounts claimed for that work were contained in the Invoices, that Exhibit A is an accurate summary of the information contained in the Invoices, and that the hourly rates billed are reasonable. Because Mr. Strickland's argument – that the Clark Declaration is based on hearsay because it "fails to expressly state that [it] is based upon Mr. Clark's personal knowledge" – is incorrect, the Motion to Strike should be denied.

2. **The Argument that the Declaration Lacks Requisite Detail is Not a Legitimate Basis for Striking the Declaration and, in any Case, is Inaccurate.**

Mr. Strickland's argument that the Clark Declaration should be stricken because it fails to provide the required level of detail and specificity also fails for at least two reasons.

A. **This is Not a Legitimate Basis for Striking the Clark Declaration.**

First, as set forth below, the KM Defendants dispute Mr. Strickland's erroneous argument

3

that the Clark Declaration does not contain sufficient detail and specificity.  Nevertheless, even if that incorrect argument were true (it is not true), while an argument regarding the sufficiency of the Declaration is a basis for attempting to oppose the motion for fees and expenses, the law does not support striking a sworn declaration submitted in support of a motion simply because it is insufficient to successfully support the motion.  Because Mr. Strickland has made this argument in his Opposition [Opp., p. ii n.1], if the Court accepts the argument it may enter an order reflecting that decision; it is not necessary to strike the Declaration in order to reject its sufficiency (again, the Clark Declaration is sufficient), and to do so would constitute error.

> B. **The Clark Declaration Contains Sufficient Detail and Specificity.**

Second, Mr. Strickland's argument that the Declaration "makes no significant effort to identify, in any reasonable degree whatsoever, the general subject matter of the KM Defendants' attorneys' work" [Opp., Dkt. 87, p. 3] also fails.  As more fully set forth in the KM Defendants' *Reply Memorandum in Support of Rule 54 Motion of Kirton & McConkie, LLC, Larry S. Jenkins, and David J. Hardy for Attorneys' Fees and Expenses* ("Reply"), this argument is inaccurate.  The Clark Declaration sets forth in reasonable detail the work performed by the Parr Brown attorneys.  For example, the Declaration states:

> The legal work performed in connection with defending the KM Defendants against the racketeering and related claims includes, but is not limited to: reviewing and analyzing Plaintiff's very lengthy Verified Complaint; performing extensive legal research; communicating with our clients, including occasional client meetings, email communications, and phone calls; communicating with opposing counsel; drafting, revising, and editing the KM Defendants' motion to dismiss and memorandum in support thereof, as well as the KM Defendants' reply memorandum; reviewing Plaintiff's memoranda and other papers filed in opposition to the motions to dismiss brought by the KM Defendants and other defendants; reviewing numerous motion papers filed by other defendants; preparing for oral argument; and attending oral argument.

[Clark Decl., Dkt. 80-1, ¶ 9.]  Thus, the Declaration squarely refutes Mr. Strickland's inaccurate

4

argument.

## CONCLUSION

For the reasons set forth above, the Court should deny the Motion to Strike.

RESPECTFULLY SUBMITTED this 30th day of March, 2015.

                                    PARR BROWN GEE & LOVELESS

                                    /s/ Laura G. Kennedy
                                    Laura G. Kennedy
                                    *Attorneys for Defendants Kirton McConkie,*
                                    *PC, Larry S. Jenkins, and David J. Hardy*

4848-2303-9522

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of March, 2015, the foregoing **MEMORANDUM IN OPPOSITION TO MOTION TO STRIKE DECLARATION OF ROBERT S. CLARK IN SUPPORT OF RULE 54 MOTION OF KIRTON & MCCONKIE, LLC, LARRY S. JENKINS, AND DAVID J. HARDY FOR ATTORNEYS' FEES AND EXPENSES, TOGETHER WITH MEMORANDUM IN SUPPORT** was filed via the CM/ECF system, which provided service to the following:

>Wesley D. Hutchins
>THE HUTCHINS LAW FIRM PC
>6751 S Adventure Way
>West Jordan, Utah 84081
>Email: wes@thehutchinslawfirm.com
>
>Rick L. Rose
>RAY QUINNEY & NEBEKER (SLC)
>36 S State St, Ste 1400
>PO Box 45385
>Salt Lake City, UT 84145-0385
>Email: rose@rqn.com
>
>Alan L. Sullivan
>James D. Gardner
>Douglas P. Farr
>SNELL & WILMER
>15 W. South Temple, Suite 1200
>Gateway Tower West
>Salt Lake City, UT 84101
>Email: asullivan@swlaw.com
>jgardner@swlaw.com
>dfarr@swlaw.com
>
>Kenneth B. Black
>Monica S. Call
>STOEL RIVES (UT)
>201 S Main Street, Suite 1100
>Salt Lake City, UT  84111-4904
>Email: kbblack@stoel.com
>mscall@stoel.com

/s/ Laura G. Kennedy